**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
Emily Cuneo DeSmedt
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| QUANASIA JACKSON,<br><br>              Plaintiff,<br><br>vs.<br><br>AMAZON SERVICES.COM, INC. and JOHN DOES 1-5 AND 6-10,<br><br>              Defendant(s). | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>DOCUMENT ELECTRONICALLY FILED |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Amazon.com Services LLC ("Defendant" or "Amazon") (formerly and improperly named in the Complaint as "Amazon Services.com, Inc."), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes the above-captioned action from the Superior Court of the State of New Jersey, Mercer County, Case No. MER-L-00882-21, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:

**PROCEDURAL BACKGROUND**

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows: upon information and belief, Plaintiff Quanasia Jackson ("Plaintiff") resides in Ewing, New Jersey, and is represented by Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, NJ 08054. Amazon.com Services LLC, a citizen of Delaware and Washington, is a wholly-owned subsidiary of parent company Amazon.com, Inc., which is a Delaware corporation, and has a principal place of business at 410 Terry Avenue, North Seattle, Washington 98109. Amazon is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2. On April 28, 2021, Plaintiff filed a civil action in the Superior Court of the State of New Jersey, Mercer County, captioned *Quanasia Jackson v. Amazon Services.com, Inc., et al.*, Civil Action No. MER-L-00882-21.

3. In her Complaint, Plaintiff alleges disability discrimination, failure to accommodate, and retaliation in violation of the New Jersey Law Against Discrimination, and a cause of action for equitable relief. *See* Complaint ("Compl."), Ex. A at ¶¶ 52-70.

4. Plaintiff could have originally filed this action against Defendant in this Court pursuant to 28 U.S.C. § 1332.

5. Plaintiff served her Complaint on Defendant on May 5, 2021.

6. Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and Complaint on Defendant. Accordingly, Defendant has timely filed this Notice of Removal under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

7. No proceedings have been held in the Superior Court of the State of New Jersey, Mercer County since Plaintiff filed her Complaint. The Summons and Complaint – copies of

which are attached hereto as **Exhibits A and B**– constitute the entirety of the process, pleadings, and orders Defendant has received in this case to date.  *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

9. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332.

10. Defendant may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states.  *See* 28 U.S.C. § 1332.

### Amount in Controversy

11. In her Complaint, Plaintiff seeks monetary damages and equitable relief, averring that Defendant terminated her because of her disability or perceived disability, failed to reasonably accommodate her, and retaliated against her because she engaged in protected activity by requesting an accommodation. *See* Compl., Ex. A. at ¶¶ 52-70.

12. Plaintiff seeks, *inter alia*, reinstatement, back pay, front pay, lost benefits and fringe benefits, compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, and enhanced attorneys' fees.  *Id.*, at ¶ 61 and at the unnumbered WHEREFORE clauses following Counts I-V.

13. While Plaintiff does not quantify the damages she seeks to recover, she cannot show to a legal certainty that her alleged damages amount to less than $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (denying motion to remand where plaintiffs sought damages, interest, costs of suit and attorney fees because plaintiffs did not expressly limit damages to $75,000 or less and attorney's fees alone can add up to hundreds of thousands of dollars).

14. Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**Citizenship**

15. Plaintiff is a citizen of the State of New Jersey. *See* Compl., Ex. A, at page 1.

16. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17. Amazon.com Services, LLC, is a citizen of Delaware and Washington because it is incorporated in Delaware and has its principal place of business in Washington.

18. Accordingly, complete diversity of citizenship exists between Plaintiff and Amazon.

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

19. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Mercer County, where Plaintiff originally

filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Compl., Ex. A.

20. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Mercer County, where the suit has been pending.

21. WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Mercer County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated: June 4, 2021                           Respectfully submitted,

                                              MORGAN, LEWIS & BOCKIUS LLP

                                              *s/ Emily Cuneo DeSmedt*
                                              Emily Cuneo DeSmedt
                                              502 Carnegie Center
                                              Princeton, New Jersey 08540-7814
                                              Telephone: (609) 919-6600
                                              Facsimile: (609) 919-6701
                                              emily.desmedt@morganlewis.com
                                              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 4, 2021, a true and correct copy of the foregoing Notice of Removal with exhibits was served on the party listed below via email and Federal Express:

Drake P. Bearden, Esquire
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
*Attorney for Plaintiff*

*s/ Emily Cuneo DeSmedt*
Emily DeSmedt