# **EXHIBIT A**

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| QUANASIA JACKSON, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MERCER COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| AMAZON SERVICES.COM, INC. and | : | DOCKET NO: |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Quanasia Jackson, residing in the State of New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is opened to the Court under the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination and/or discrimination based on perceived disability, failure to accommodate and retaliation.

### Identification of Parties

1.     Plaintiff Quanasia Jackson was, at all times relevant herein, a resident of the State of New Jersey and a former employee of Defendant.

2.     Defendant Amazon.com Services, Inc., (herein after referred to as "Amazon") was, at all times relevant herein, a corporation registered and operating in the State of New Jersey with its service of process address at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, New Jersey 08628.

1

3.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4.     Plaintiff initially began working for Defendant on or around June 19, 2017.

5.     On or around December 17, 2017, Plaintiff injured her shoulder while performing her normal job duties.

6.     Because the injury occurred at work, Defendant sent Plaintiff to see doctors that were affiliated with Defendant.

7.     Said doctors cleared Plaintiff to continue working with her only restriction being that she was not to lift over twenty-five (25) pounds.

8.     Plaintiff communicated her work restriction to Defendant, and requested that she be able to continue to work on accommodation.

9.     Defendant told Plaintiff they could not accommodate her one restriction because the building was at "max capacity."

10.     The site where Plaintiff worked employs approximately three thousand (3,000) individuals.

11.     At no point did Defendant consider temporary job restructuring and/or job reassignment to accommodate Plaintiff despite her request.

12.     Instead, Plaintiff was placed on an involuntary leave because of her condition.

13.     Throughout her leave, Plaintiff regularly attempted to communicate with agents of Defendant, as well as her Claims Adjuster, Brittney Wade, and her Case Manager, Lisa.

14. Defendant scheduled Plaintiff for doctor's appointments, but never informed Plaintiff of the time or date of the appointments.

15. When Plaintiff attempted to reach out to her Case Manager, she would be ignored.

16. Despite this, Plaintiff underwent physical therapy and her condition gradually improved.

17. By May of 2018, Plaintiff was entirely capable of working, even without restrictions.

18. Plaintiff continued to try to attempt to contact Wade and her Case Manager to update her status but received no response.

19. Plaintiff also contacted ERC, a global Human Resources Department for Defendant on several occasions.

20. She finally was able to speak to someone there named John (last name unknown).

21. John was only able to tell Plaintiff that she was still listed as an active employee.

22. Defendant used an online portal to alert employees of their schedule.

23. Plaintiff regularly checked the online portal to see if she would be placed back on the schedule and receive hours to work.

24. From checking the schedule, Plaintiff was able to learn that she had been scheduled to work on November 11, 2018.

25. Plaintiff was not at any point contacted individually and alerted that she had been placed back on the schedule and she was only able to learn this by checking the online portal.

26. Plaintiff came into work on her scheduled day, November 11, 2018.

27. When Plaintiff arrived at the building, her badge did not work and she was unable to enter the building.

3

28.    Plaintiff had to contact Security to get Michelle (last name unknown), and Kelly (last name unknown), to come out and speak with her.

29.    Michelle and Kelly told Plaintiff that she would not be permitted to return to work until she was able to obtain a doctor's note medically clearing her.

30.    The same day, Plaintiff made an appointment with a separate doctor.

31.    Two (2) days later, Plaintiff brought in a doctor's note clearing her to return to work to Melissa (last name unknown), in Defendant's Human Resources Department.

32.    Later that day, Plaintiff received an email from Emilia Paciotti terminating her employment.

33.    As a result of that termination, Plaintiff filed a lawsuit against Defendant on or around September 4, 2019 alleging that Defendant discriminated against her because of her disability, retaliated against her for making an accommodation request, and failed to provide her with a reasonable accommodation all in violation of the LAD.

34.    During that matter, Defendant made an offer of judgment which Plaintiff accepted on or around September 1, 2020.

35.    At the time Plaintiff accepted that offer of judgment, Plaintiff was still an employee of Defendant, and out on a leave of absence.

36.    On the day that Plaintiff accepted the offer of judgment, Plaintiff's counsel sent a correspondence to defense counsel stating "Just to follow up to this email, Ms. Jackson informed me she may be looking to return to Amazon in the future with certain accommodations. When that time comes, should I provide her communication to you, or have her communicate directly with Amazon?"

4

37.     The following day, counsel for Amazon responded, by providing information for whom Plaintiff should contact should she be seeking to return to Amazon with certain accommodations.

38.     After defense counsel sent that correspondence, Amazon did not send any further correspondence to Plaintiff until October 24, 2020.

39.     On or around that date, Defendant sent a correspondence to Plaintiff stating that Plaintiff was terminated as of October 22, 2020.

40.     At the time Defendant terminated Plaintiff, Plaintiff was capable of performing the essential functions of her job at Amazon with a reasonable accommodation.

41.     Plaintiff was disabled within the meaning of the LAD.

42.     In addition or in the alternative, Defendant perceived Plaintiff as being disabled.

43.     Plaintiff requested a reasonable accommodation because of her disability, in particular, Plaintiff requested that she be permitted to return to work at Amazon with certain accommodations through her counsel.

44.     After Plaintiff informed Defendant that she was seeking to return to work with Defendant with certain accommodations, Defendant terminated her employment.

45.     A determinative or motivating factor in Defendant's decision to terminate Plaintiff's employment was the fact that Plaintiff was disabled.

46.     In addition or in the alternative, a determinative or motivating factor in Defendant's decision to terminate Plaintiff was Defendant's perception that Plaintiff was disabled.

47. Plaintiff was a member of a protected class as an individual who advanced her rights under the LAD in first filing a lawsuit against Amazon for disability discrimination and failure to accommodate, and then making a request for a reasonable accommodation.

48. Subsequent to Plaintiff filing the lawsuit, and making the accommodation request, Plaintiff was subjected to adverse employment actions including, but not limited to, Defendant terminating her employment.

49. Defendant's conduct in failing to engage in the interactive process to determine whether or not they could provide the accommodations for Plaintiff, and instead terminating Plaintiff, and terminating Plaintiff in retaliation for Plaintiff first filing a lawsuit and then making the additional accommodation request, was undertaken by members of upper management and/or were willfully ignored by members of upper management, and was especially egregious, warranting the imposition of punitive damages.

50. Furthermore, Defendant Amazon has a policy and practice of discriminating against individuals because of their disabilities, failing to provide employees with accommodations, and retaliating against employees for requesting accommodations, which is demonstrated by the dozens of lawsuits filed against Amazon in the past six (6) years in the State of New Jersey alone, for violating New Jersey's anti-discrimination law.

51. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

## Discrimination Under the LAD

52. Plaintiff hereby repeats and re-alleges paragraphs 1 through 51, as though fully set forth herein.

53.     The conduct set forth above constitutes discrimination based on disability and is the responsibility of Defendant in both compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Discrimination Based on Perception of Disability

54.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 53, as though fully set forth herein.

55.     The conduct set forth above constitutes discrimination based on perception of disability and is the responsibility of Defendant in both compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Retaliation Under the LAD

56.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 55, as though fully set forth herein.

57.     Plaintiff engaged in protected activity pursuant to the LAD in first filing a lawsuit against Defendant for violating the LAD, and next making a request that she be permitted to return with certain accommodations.

58.     As a result of Plaintiff's protected activity, Plaintiff was subjected to adverse employment actions including, but not limited to, Defendant terminating her employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Failure to Accommodate

59.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 58, as though fully set forth herein.

60.     Plaintiff made a request that she be permitted to return to work at Amazon with certain accommodations.

61.     Defendant failed to engage in the interactive process to determine whether or not the accommodations could be provided, and instead, terminated Plaintiff from her employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

8

## COUNT V

### Request for Equitable Relief

62.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 61 as though fully set forth herein.

63.    Plaintiff requests the following equitable remedies and relief in this matter.

64.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

65.    Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

66.    To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

67.    Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

68.    Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

69.    Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

70.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By: _/s/ Drake P. Bearden, Jr._
    **Drake P. Bearden, Jr.**

Dated: April 28, 2021

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and

electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of

action and/or prayers for relief, to any defenses to same, and pertaining to any party, including,

but not limited to, electronic data storage, closed circuit TV footages, digital images, computer

images, cache memory, searchable data, emails, spread sheets, employment files, memos, text

messages and any and all online social or work related websites, entries on social networking

sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information

and/or data and/or things and/or documents which may be relevant to any claim or defense in this

litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for

appropriate adverse inferences.

**COSTELLO & MAINS, LLC**


By:  */s/ Drake P. Bearden, Jr.*
     **Drake P. Bearden, Jr.**


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**


By:  */s/ Drake P. Bearden, Jr.*
     **Drake P. Bearden, Jr.**

11

## RULE 4:5-1 CERTIFICATION

1.   I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.   I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:  */s/ Drake P. Bearden, Jr.*
     **Drake P. Bearden, Jr.**


## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr., Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By:  */s/ Drake P. Bearden, Jr.*
     **Drake P. Bearden, Jr.**

12

# Civil Case Information Statement

### Case Details: MERCER | Civil Part Docket# L-000882-21

**Case Caption:** JACKSON QUANASIA  VS AMAZON
SERVICES.COM,  INC.

**Case Initiation Date:** 04/28/2021

**Attorney Name:** DRAKE P BEARDEN JR

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800
MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : JACKSON, QUANASIA

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** QUANASIA JACKSON? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>04/28/2021</u>
Dated

/s/ DRAKE P BEARDEN JR
Signed

MER L 000882-21   04/29/2021 4:19:14 AM  Pg 1 of 1 Trans ID: LCV20211083589

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   APRIL 28, 2021
                    RE:     JACKSON QUANASIA  VS AMAZON SERVICES.COM,  INC.
                    DOCKET: MER L -000882 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     050
AT:  (609) 571-4200 EXT 74432.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: DRAKE P. BEARDEN
                         COSTELLO & MAINS, LLC
                         18000 HORIZON WAY STE 800
                         MT LAUREL       NJ 08054-4319

ECOURTS

# **<u>EXHIBIT B</u>**

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| QUANASIA JACKSON,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>AMAZON SERVICES.COM, INC. and<br>JOHN DOES 1-5 AND 6-10,<br><br>                    Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO: MER-L-882-21<br><br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: May 3, 2021

**Name of Defendant to be Served:**          **Amazon.com Services, Inc.**

**Address of Defendant to be Served:**       **Princeton South Corporate Center**
**Suite 161**
**100 Charles Ewing Boulevard**
**Ewing, NJ 08628**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn:  Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1ˢᵗ Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010