UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUANASIA JACKSON,<br><br>*Plaintiff,*<br><br>v.<br><br>AMAZON SERVICES.COM, INC., *et al.*,<br><br>*Defendants.* | Civil Action No.:<br>3:21-cv-12172-PGS-TJB<br><br>**MEMORANDUM DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 6) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY DISMISS THE COMPLAINT (ECF NO. 11)** |

This matter is before the Court on Defendant Amazon Services.com, Inc.'s ("Defendant" or "Amazon") Motion to Partially Dismiss Plaintiff Quanasia Jackson's ("Plaintiff" or "Jackson") First Amended Complaint (FAC). (ECF No. 11).[1] Oral argument was held on March 1, 2022. For the reasons that follow, Amazon's motion is granted in part and denied in part. The motion has four subparts: (1) strike 32 facts based on res judicata; (2) dismiss counts I, II and IV; (3) dismiss Count V; and (4) dismiss the prayer of relief for punitive damages.

The Court has diversity jurisdiction under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and Jackson is a citizen of New Jersey while Amazon is a citizen of Delaware and Washington. (FAC ¶¶11-18, ECF No. 9). Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1441(a) because a substantial part of the events took place in New Jersey.

---

[1] Prior to Plaintiff filing the amended complaint, Amazon moved to partially dismiss Jackson's original complaint. (ECF No. 6). That motion is denied as moot. *Gremo v. Bayer Corp.*, 469 F. Supp. 3d 240, 247 n.2 (D.N.J. 2020).

1

I.

Under Fed. R. Civ. P. 8(a)(2), a complaint "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." Amazon's motion to dismiss asserts a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d. Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that the defendant acted unlawfully. *Id.*

In reviewing a motion to dismiss, the Court "accept[s] as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Monroe v. Beard*, 536 F.3d 198, 205 (3d. Cir. 2008). The court should disregard legal conclusions and "recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Township*, 629 F.3d 121, 128 (3d. Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Third Circuit set forth a three-part test for determining whether or not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

2

*Id.* at 130 (alteration in original) (quoting *Iqbal*, 556 U.S. at 675, 679).

On a motion to dismiss, the Court may consider a document that is integral to the complaint. *See Bridges v. Torres*, 809 Fed. App'x 69, 71 (3d Cir. 2020); *Conceicao v. Nat'l Water Main Cleaning Co*, 650 F. App'x 134, 135 (3d Cir. 2016). In this matter, Amazon seeks to have the Court "take judicial notice of the record from a previous court proceeding between the parties," consisting of an Offer of Judgment filed in *Jackson v. Amazon Fulfillment Services, Inc.*, No. 19-18986 (D.N.J. filed Oct. 15, 2019) (*Jackson I*).

## II.

According to the FAC, Jackson was an employee of Amazon, who injured her shoulder in December 2017 "while performing her normal job duties" (FAC ¶¶4-5). The FAC neither identifies Jackson's position at Amazon, nor specifies her job duties. Amazon "sent [Jackson] to see doctors that were affiliated with" Amazon; she was advised by those physicians that she should not lift anything that weighed over twenty-five pounds, but she was otherwise "cleared" to "continue working." (*Id.* at ¶¶6-7). Jackson informed Amazon that she could return to work with an accommodation of her weightlifting limit, but Amazon told Jackson it could not accommodate her because "the building was at 'max capacity'" and instead placed her on "involuntary leave." (*Id.* at ¶¶8-9, 12).

According to Plaintiff, Amazon scheduled doctor's appointments for her; but Amazon failed to inform her of the appointment times. (*Id.* at ¶14). Additionally, Amazon's claims adjuster and case manager assigned to Jackson ignored her communications. (*Id.* at ¶13). By May 2018, Jackson underwent and completed a physical therapy program, and she was "capable of working, even without restrictions." (*Id.* at ¶¶16-17). Jackson communicated her medical status to Amazon's claims adjuster and case manager who again ignored her; but a human

resources contractor for Amazon advised Jackson that she was an "active employee." (*Id.* at ¶¶18-21).

According to the FAC, Amazon used an on-line portal to schedule employees for work. (*Id.* at ¶¶22-23). On November 11, 2018, Jackson was scheduled to work according to the portal. (*Id.* at ¶24). When Jackson reported to work, she was informed by "Michelle" that she could not return to work without a note from her physician. (*Id.* at ¶29). Jackson then obtained a note from a physician "clearing her to return to work," and submitted it to an Amazon human resources representative on November 13, 2018. (*Id.* at ¶31). Later that day, Amazon emailed Jackson terminating her employment. (*Id.* at ¶32). According to the parties, this was done in error and Jackson was actually on a leave of absence. (FAC at ¶35); (ECF No. 11-1 at 10).

In September 2019, Jackson filed her first suit (*Jackson 1*) against Amazon, bringing claims under the LAD. (FAC at ¶33) (ECF No. 11-3). About a year later (September 20, 2020), Jackson accepted an Offer of Judgment from Amazon in the amount of $25,000. (FAC at ¶34); (ECF No. 11-3, Ex. B). The Offer of Judgment reads in part:

> This offer is with respect to all counts of Plaintiff's claims for relief, and is intended to resolve in full all of the Plaintiff's claims against Amazon . . . .

Once the offer was accepted, a judgment was entered by William Walsh, Clerk, United States District Court, District of New Jersey. It states:

> Plaintiff having filed a Notice of Acceptance of Defendants' Offer of Judgment pursuant to Rule 68 of the *Federal Rules of Civil Procedure*, the Offer, Notice of Acceptance and Proof of Service having been filed herein, the Clerk now enters judgment in accordance with Rule 68(a), and pursuant to the Offer and Acceptance.

At the time the judgment was entered, Jackson alleges she was "still an employee . . . out on a leave of absence;" and she alleges she "was capable of returning to work for Defendant, and

4

to perform her job duties." On or about September 1, 2020, Jackson's counsel emailed Amazon's counsel the following question: "Ms. Jackson informed me she may be looking to return to Amazon in the future with certain accommodations. When that time comes, should I provide her communication (sic) to you, or have her communicate directly with Amazon?" (*Id.* at ¶36). Amazon's counsel replied the next day with a contact for Jackson. (*Id.* at ¶37). Jackson then "began the process of gathering and obtaining all of the information from her medical providers to allow Plaintiff to return to work." (*Id.* at ¶37a). But "before [Jackson] had the opportunity to provide the medical documentation" to Amazon, Amazon terminated her employment on October 22, 2020. (*Id.* at ¶¶37b-39).

### III.

"Res judicata bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. AG of the United States*, 621 F.3d 340, 347 (3d Cir. 2010). "Res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Res judicata has the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

"In a diversity action, [the Third Circuit] appl[ies] the preclusion rules of the forum state, unless they are incompatible with federal interests." *Houbigant, Inc. v. Fed. Ins. Co.*, 374 F.3d 192, 205 (3d Cir. 2004). Because the standard for res judicata is the same under federal and New Jersey law, *Mullarkey*, 536 F.3d at 225, it is unnecessary to undertake that analysis. "A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on

the same cause of action." *Duhaney.*, 621 F.3d at 347. "The third factor 'generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.'" *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)).

I am reluctant to determine whether the principle of res judicata applies at this early stage of the litigation for several reasons.

First, paragraphs 1 to 32 appear to be historical facts from *Jackson I* asserted to give context to the retaliation claims as set forth in *Jackson II*.

Second, the application of res judicata is far more intensive than the Defendant's brief suggests. *See* 18 Wright & Miller, *Federal Practice and Procedure: Civil* § 4402-4424 (2016). Most notably, the Offer of Judgment (*Jackson I*) is only a few lines in length and it does not refer to any facts in paragraphs 1 to 32. Hence, at this juncture, I cannot assess whether each fact was in controversy and resolved in *Jackson I*, and is again at issue in *Jackson II*.

Third, Jackson has brought a retaliation claim based on her termination for prosecuting *Jackson I*, which Amazon doesn't seek to dismiss; so some of those historical facts from *Jackson I* are most likely relevant here.

Lastly, as a matter of practice, some courts hold that a general dismissal on res judicata is best left for summary judgment, unless the res judicata issue is "evident on the face of the complaint." *Brody v. Hankin*, 145 Fed. Appx. 768, 773 (3d Cir. 2005). Here, the basis for res judicata is not clear on the face of the FAC. For example, the Offer of Judgment states that it was intended to "resolve in full all of Plaintiff's claims against Amazon;" but the Offer of Judgment does not precisely state the nature or time period covered, and it does not include the

alleged retaliatory termination. *See Hoffman*, 837 F. 3d at 279. As such, the better approach is to evaluate same at a later time.

As such, the motion to dismiss paragraphs 1 – 32 of the retaliation claim is denied without prejudice.

### IV.

Next, the Defendant seeks to dismiss Counts I (disability discrimination), Count II (discrimination based upon perception of disability) and Count IV (failure to accommodate) for failure to state a claim. (ECF No. 11-1 at 18-21).

The four elements of a claim under the LAD for disability discrimination and discrimination based on perception of disability are virtually identical. That is, Plaintiff must allege:

> (1)   "she qualifies as an individual with a disability, or who is perceived as having a disability";
>
> (2)   she can "perform the essential functions of the job, or was performing those essential functions, either with or without a reasonable accommodation;"
>
> (3)   she suffered an "adverse employment"[2] action; and
>
> (4)   the employer must have a discriminatory intent.[3]

*Victor v. State*, 4 A.3d 126, 142 (N.J. 2010). Although element 3 has been satisfied as Plaintiff was fired, Jackson has not alleged elements 1 and 2. That is, it is generally required that a plaintiff allege both the essential functions of her job were and, where relevant, the reasonable accommodation mandated so she could perform her job. *Syder v. Express Servs.*, 2021 WL

---

[2] *Richter v. Oakland Bd. of Educ.*, 252 A.3d 161, 166 (N.J. 2021).

[3] *Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133, 1138 (N.J. 2005).

3674345, at *4 (D.N.J. Aug. 18, 2021). Within the FAC, Plaintiff only alleges that she could have performed her job. This is a legal conclusion the Court is "not bound to accept as true."[4] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Syder*, 2021 WL 3674345, at *4.[5] As such, the motion to dismiss Counts I and Count II for failure to state a claim is granted.

In reviewing Count IV, there are four elements to a failure to accommodate claim under the LAD: "(1) the plaintiff was disabled and his employer knew it; (2) she requested an accommodation or assistance; (3) her employer did not make a good faith effort to assist; and (4) she could have been reasonably accommodated." *Id.* at 246. Key to the fourth element is that the plaintiff was able to perform the essential functions of his or her job. *Royster v. NJ State Police*, 152 A.3d 900, 910 (N.J. 2017). "[A]n employer's inaction, silence, or inadequate response to a reasonable accommodation request is an omission that can give rise to a cause of action." *Richter*, 252 A.3d at 175. Here, the failure to accommodate claim fails because Jackson has neither alleged the essential functions of her job, the nature of her disability, nor the appropriate accommodation. *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246-49 (3d Cir. 2006); *see also Syder*, 2021 WL 3674345, at *4. For the foregoing reasons, Count IV is dismissed.

## V.

Amazon submits that Count V should be dismissed because it seeks equitable relief, and "equitable relief" is not a cause of action. (ECF No. 11-1 at 24). Plaintiff asserts that she is

---

[4] These allegations provide no detail of Jackson's responsibilities. While Jackson's brief describes her responsibilities as "lifting boxes and other materials," (ECF No. 13 at 8), "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

[5] Jackson's reliance on *Zive*, 867 A.2d 1133, (ECF No. 13 at 8), is misplaced. That case discussed the "slight" burden for pleading discriminatory intent, not the burden for pleading a plaintiff's ability to perform the essential functions of his job. *Id.* at 1138.

seeking injunctive relief in Count V, and the Count gives notice to Defendants that such relief is at issue. "Because an injunction is a remedy and not a cause of action, '[a] separate claim for injunctive relief is unnecessary.'" *Lara v. Cool Clouds Distrib.*, No. 20-8030, 2021 WL 613842, at *13 (D.N.J. Feb. 16, 2021) (quoting *Teva Pharm. USA, Inc. v. Sandhu*, 291 F. Supp. 3d 659, 681 (E.D. Pa. 2018)); *see also Kabbaj v. Google Inc.*, 592 Fed. Appx. 74, 74 n.2 (3d Cir. 2015). To me, Count V is nothing more than notice to defendant that injunctive relief is being sought. So I do not see any harm in the allegations; and the time spent on briefing this point, when a single denial would have sufficed, is of little substantive value. But since Defendant is on notice of the relief, Count V is dismissed subject to amending the complaint to assert injunctive relief in the prayer of relief.

## VI.

Amazon also seeks to dismiss Jackson's demand for punitive damages, contending she has not alleged sufficient facts which, if proven, could entitle her to punitive damages. (ECF No. 11-1 at 21-24). Under New Jersey law, a plaintiff may recover punitive damages for an LAD claim. Such relief is available only if a plaintiff proves (1) "actual participation by upper management or willful indifference" in the discrimination and (2) "that the conduct was especially egregious." *Quinlan v. Curtiss-Wright Corp.*, 8 A.3d 209, 229 (N.J. 2010) (internal quotation marks omitted). Defining "upper management" is a "fact-sensitive" task, and the term does not necessarily refer to "uppermost" management. *Cavuoti v. N.J. Transit Corp.*, 735 A.2d 548, 557 (N.J. 1999). Whether an employee is part of "upper management" depends on their responsibilities to the employer. *Id.* at 561. "Especially egregious" conduct is "wantonly reckless or malicious" and "intentional wrongdoing in the sense of an evil-minded act." *Redine v. Pantzer*, 661 A.2d 1202, 1215 (N.J. 1995) (internal quotation marks omitted). This inquiry is

9

also "fact-intensive." *Lowe v. Medco Health Sols. of Willingboro, LLC*, No. 10-4823, 2012 WL 1495469, at *15 (D.N.J. Apr. 27, 2012). The motion to dismiss the demand for punitive damages is denied at this early stage of the litigation when discovery may fill the gaps. *See id.*

Orders were issued on March 31, 2022 and April 1, 2022 (ECF Nos. 15 and 16).

                                                  */s/ Peter G. Sheridan*
                                                  PETER G. SHERIDAN, U.S.D.J.

April 20, 2022